COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-03-511-CR


DAVID LYNN JOHNSON                                                         APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION [1]

------------
Introduction
        A jury convicted Appellant David Lynn Johnson of driving while
intoxicated—subsequent offense and assessed punishment at thirteen years’
confinement. The trial court sentenced him accordingly. In three points,
Appellant argues that the evidence was legally and factually insufficient to
support the verdict and that the trial court erred by admitting evidence of
certain prior DWI convictions. We affirm.
Discussion
I.
        In his first and second points, Appellant argues that the evidence was
legally and factually insufficient to support the verdict. We disagree.
        In reviewing the legal sufficiency of the evidence to support a conviction,
we view all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 618,
620 (Tex. Crim. App. 2004).
        When reviewing the factual sufficiency of the evidence to support a
conviction, we are to view all the evidence in a neutral light, favoring neither
party. See Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). 
The only question to be answered in a factual sufficiency review is whether,
considering the evidence in a neutral light, the fact finder was rationally justified
in finding guilt beyond a reasonable doubt. Id. at 484. There are two ways
evidence may be factually insufficient: (1) the evidence supporting the verdict
or judgment, considered by itself, is too weak to support the finding of guilt
beyond a reasonable doubt; or (2) when there is evidence both supporting and
contradicting the verdict or judgment, weighing all of the evidence, the contrary
evidence is so strong that guilt cannot be proven beyond a reasonable doubt. 
Id. at 484-85. “This standard acknowledges that evidence of guilt can
‘preponderate’ in favor of conviction but still be insufficient to prove the
elements of the crime beyond a reasonable doubt.” Id. at 485. In other words,
evidence supporting a guilty finding can outweigh the contrary proof but still be
insufficient to prove the elements of an offense beyond a reasonable doubt. Id. 
        In performing a factual sufficiency review, we are to give deference to the
fact finder’s determinations, including determinations involving the credibility
and demeanor of witnesses. Id. at 481; Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997). We may not substitute our judgment for that of the
fact finder’s. Zuniga, 144 S.W.3d at 482. 
        A proper factual sufficiency review requires an examination of all the
evidence. Id. at 484, 486-87. An opinion addressing factual sufficiency must
include a discussion of the most important and relevant evidence that supports
the appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).
        A person commits the offense of driving while intoxicated if he operates
a vehicle while intoxicated in a public place. Tex. Penal Code Ann. § 49.04(a)
(Vernon 2003). “Intoxicated” is defined as 
(A) not having the normal use of mental or physical faculties by
reason of the introduction of alcohol, a controlled substance, a
drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body; or 

(B) having an alcohol concentration of 0.08 or more. 

Id. § 49.01(2)(A)-(B). A witness does not have to be an expert to testify that
a person he observes is intoxicated by alcohol; therefore, lay opinion testimony
by a police officer that a person is intoxicated is probative evidence that a
person was “drunk.” Henderson v. State, 29 S.W.3d 616, 622 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d).
        The following evidence was presented at trial. Deputy Robert Young, a
commander in the Hood County Sheriff’s Office with five years’ experience in
law enforcement, observed a vehicle with an unilluminated headlight driving in
the dark on a public road. He initiated a traffic stop. When he made contact
with Appellant, who was the driver and sole occupant of the vehicle, he noted
that Appellant’s speech was slurred. Appellant told Deputy Young that he had
consumed one beer. Deputy Young then administered the usual field sobriety
tests. When Deputy Young performed the horizontal gaze nystagmus test,
Appellant told him that he was blind in his right eye. Deputy Young proceeded
with the test and observed that both of Appellant’s eyes failed to track
smoothly and that both eyes exhibited nystagmus before reaching a forty-five
degree angle. Deputy Young then instructed Appellant to perform the one-legged-stand test. Appellant used his arms to maintain his balance and put his
foot down twice. On the walk-and-turn test, Appellant used his arms for
balance, did not count out loud as instructed, and took eleven steps forward
rather than nine steps as instructed. Appellant explained his poor performance
by telling Deputy Young that he had a sprained ankle. Finally, Deputy Young
asked Appellant to perform the finger-count test. After telling Deputy Young
that he could not perform the test with his left hand because of an injury, he
attempted but failed the test with his right hand. The State played the video
recording of Appellant’s field sobriety tests for the jury. Deputy Young
determined that Appellant had been driving while intoxicated, arrested him, and
took him to jail. Appellant refused to provide breath or blood samples for
testing. Through Deputy Young, the State offered a stipulation signed by
Appellant in which he admitted to two prior convictions for driving while
intoxicated. 
        On cross-examination, Deputy Young admitted that some people exhibit
naturally-occurring nystagmus and cannot pass the horizontal gaze nystagmus
test for that reason. He also admitted that some people are more skillful than
others at finger movement and counting. 
        Appellant called Lana Holland to testify. Holland, a retired special
education diagnostician, testified that she has known Appellant for about thirty
years. She was in the courtroom when the State played the video recording of
Appellant’s field sobriety tests and testified that Appellant’s voice on the video
was his normal speech. Holland further testified that nothing she saw on the
video would make her think that Appellant was anything other than sober at the
time and that everything she saw was consistent with Appellant’s normal
behavior. On cross-examination, Holland testified that Appellant’s performance
on the finger-count test was “different” and might indicate intoxication. She
also testified that in the years she has known Appellant, she never saw an
indication that he had a balance problem. 
        Appellant testified in his own defense. He told the jury that he split his
skull open when he was a baby, was a special education student, and dropped
out of school in the ninth grade. Appellant testified that, on the day of his
arrest, he drank three sixteen-ounce cans of beer between 1:30 PM and the
time of his arrest. He testified that he had sprained his ankle three days before
his arrest and the pain from that injury caused him to change the foot he was
standing on during the one-legged-stand test. Appellant explained that his right
eye has been blind since birth. He also testified that he had a steel plate and
several screws in his left arm. Appellant testified that he had not drunk any
alcohol since the night of his arrest because “[i]t just ain’t worth it” and that he
had joined Alcoholics Anonymous. On cross-examination, Appellant testified
that he had one prior conviction for felony DWI and volunteered that “I’ve never
been in trouble for anything else.” 
        In its case in rebuttal, the State offered records showing that Appellant
had two prior felony DWI convictions and several other misdemeanor DWI
convictions. The admission of this evidence forms the basis of Appellant’s third
point, which we discuss later in this opinion.
        Considering the evidence in the light most favorable to the verdict, we
hold that the evidence of the smell of alcohol on Appellant’s breath, his
performance on the field sobriety tests, his admission that he drank three
sixteen-ounce beers before driving, and Deputy Young’s opinion that Appellant
was intoxicated is legally sufficient to permit a rational trier of fact to determine
beyond a reasonable doubt that Appellant operated a motor vehicle in a public
place when he did not have the normal use of his mental or physical faculties
by reason of the introduction of alcohol into his body. We overrule Appellant’s
first point.
        The evidence was also factually sufficient. Considering the evidence
supporting the judgment, by itself and in a neutral light, we cannot say that it
was too weak to support a finding of guilt beyond a reasonable doubt. And
weighing all of the evidence in a neutral light, we cannot say that the evidence
contrary to the verdict is so strong as to preclude guilt beyond a reasonable
doubt. While Appellant’s physical and mental maladies may have explained
some of his inability to perform the field sobriety tests, they do not excuse his
poor performance on all of those tests. Nor do they explain the odor of alcohol
on his breath, his refusal to submit breath or blood samples, or his admission
that he drank three beers before driving. We must defer to the jury on the
question of whether Appellant’s explanation of his behavior at the time of his
arrest, in light of his appearance, demeanor, and manner of answering questions
on the stand, was credible. We overrule Appellant’s second point.
II.
        In his third point, Appellant contends that the trial court erred by
admitting evidence of Appellant’s prior convictions for driving while intoxicated. 
We disagree.
        To preserve a complaint for our review, a party must have presented to
the trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling if they are not apparent from the context of the
request, objection, or motion. Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983
S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 526 U.S.
1070 (1999). Further, the trial court must have ruled on the request, objection,
or motion, either expressly or implicitly, or the complaining party must have
objected to the trial court’s refusal to rule. Tex. R. App. P. 33.1(a)(2); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A party must object
each time inadmissible evidence is offered or obtain a running objection. Valle
v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). An error in the
admission of evidence is cured where the same evidence comes in elsewhere
without objection. Id.
        The indictment alleged that Appellant had five prior DWI convictions. 
Appellant stipulated to two of those convictions, and the trial court admitted
the stipulation into evidence. After Appellant testified that he had one prior
felony DWI conviction, the State offered evidence of his other convictions. The
evidence consisted of Appellant’s certified driving record reflecting four prior
DWI convictions (exhibit 5), records pertaining to judgments of the four prior
DWI convictions (exhibits 6, 7, 8, and 9), and a penitentiary packet reflecting
two felony DWI convictions (exhibit 10).
        Appellant did not object to exhibits 5, 7, 8, or 10. By failing to object,
Appellant forfeited any complaint about those exhibits on appeal. See Tex. R.
App. P. 33.1(a)(1).
        With regard to exhibit 9, Appellant objected:
[T]he only objection I have is that this document contains a lot of
extraneous information which would be hearsay, which is not
relevant to the matter which is now before the court. 

Appellant asserted the same objection to exhibit 6. Exhibit 9 comprised
documents relating to a 1987 DWI conviction in Dallas County and included a
letter that mentioned in passing two 1992 DWI convictions. Exhibit 6
comprised documents relating to a 1996 DWI conviction for which Appellant
was placed under community supervision and documents relating to the later
revocation of community supervision when Appellant was charged with DWI
yet again. Assuming for the sake of argument that the trial court erred by
admitting exhibits 9 and 6 over Appellant’s objection, the error was cured when
Appellant failed to object to the admission of evidence of the same convictions
in other exhibits.
        Exhibit 2—the stipulation of evidence signed by Appellant—reflected one
of the 1992 convictions. Exhibit 5 reflected Appellant’s 1987, 1992, and 1996
DWI convictions. Exhibit 7 reflected one 1992 conviction; exhibit 8 reflected
the other. Exhibit 10 referenced the 1996 conviction, subsequent revocation
of community supervision, and the 1998 conviction for the DWI charge that
triggered the revocation of community supervision. Appellant did not object to
these exhibits. Thus, any error arising from the admission of exhibits 9 and 6
was cured when the same evidence was admitted without objection in exhibits
2, 5, 7, 8, and 10. See Valle, 109 S.W.3d at 509.
        We overrule Appellant’s third point. 
Conclusion
        Having overruled all three of Appellant’s points, we affirm the judgment
of the trial court.
 
 
                                                          ANNE GARDNER
                                                          JUSTICE
 
PANEL F:   LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.